**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4785**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARVIS J. JOHNSON, a/k/a Jarvis Jamaye Johnson,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John Adrian Gibney, Jr., District Judge.  (3:11-cr-00062-JAG-1)

Submitted:  January 30, 2012          Decided:  February 2, 2012

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Carolyn V. Grady, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarvis J. Johnson was charged, along with Robert Turner, Jr., with possession of a Special Weapons 9mm rifle and a Fabrinor .45 caliber firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g) (2006). He pled guilty, without a plea agreement. In the stipulated statement of facts presented at his Fed. R. Crim. P. 11 hearing, Johnson agreed that:

> 1. On or about December 13, 2010 . . . [he], having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly, intentionally and unlawfully possess firearms and ammunition, to wit: a Special Weapons rifle, Model SW760, 9mm caliber, serial number EO279; a Fabrinor, Model Mini Max, .45 caliber pistol, serial number 71-04-07807-00; and various rounds of ammunition, in and affecting interstate and foreign commerce, and did aid and abet ROBERT D. TURNER, JR. therein, in violation of Title 18, United States Code, Sections 922(g)(1) and 2.
>
> …
>
> 5. Police interviewed JOHNSON and TURNER and JOHNSON admitted to possessing the .45 caliber firearm. Likewise, JOHNSON admitted that he purchased additional ammunition and a laser sight for the weapon. JOHNSON stated that he placed the .45 caliber firearm under the glove compartment when police stopped the vehicle.

When asked during the Rule 11 hearing whether "anything in these facts that you think is wrong that should be added to or changed or corrected or deleted," Johnson replied, "No, ma'am."

2

In the presentence report (PSR), Johnson was assigned a base offense level of 22 because "the firearm is a semiautomatic firearm that is capable of accepting a large capacity magazine."  See U.S. Sentencing Guidelines Manual (USSG), § 2K2.1(a)(3)(A)(i) and (B) (2010).  After a three-level reduction for acceptance of responsibility, Johnson's total offense level was 19.  With a criminal history category of VI, the recommended advisory Guidelines range was 63-78 months imprisonment.  Johnson did not note any objections to the PSR or at sentencing.  Rather, at the sentencing hearing, his attorney requested a below-Guidelines sentence, based on her belief that the "guidelines are inflated by the assault rifle."  The district court disagreed and, after discussing the factors provided in 18 U.S.C. § 3553(a) (2006), imposed a sentence of 78 months.  Johnson noted a timely appeal.

Johnson's sole argument on appeal is that the attribution of the assault rifle to him was plainly erroneous because there is no factual support for it in the record. Because he failed to raise the issue below, this claim is subject to review for plain error.  United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010), cert. denied, 132 S. Ct. 292 (2011).  To establish plain error, Johnson must demonstrate that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights.  United States v. Olano, 507

3

U.S. 725, 732 (1993). In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005). Even if Johnson makes this showing, however, we will exercise our discretion to correct plain error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (internal quotation marks omitted). We find that the district court did not commit error—plain or otherwise.

First, Johnson admitted to the statement of facts which specifically attributed the assault rifle to him. These statements, made under oath, are presumed to be true. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Moreover, his failure to object to the PSR "has the same legal effect as an admission to that fact." United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).

Second, there was sufficient evidence to support a finding that Johnson possessed—either actually or constructively—the assault rifle at issue. However, because the issue was uncontested, the government did not present its evidence. In the government's sentencing memorandum, it noted that, in addition to the information contained in the stipulated

4

statement of facts, that "the defendants shared the weapons and police observed Johnson holding the rifle as he entered the vehicle." We find that this evidence, had it been presented, would have been sufficient to establish that Johnson possessed the automatic weapon and, therefore, would have supported the § 2K2.1(a)(3)(A)(i) enhancement had Johnson contested the issue.

Accordingly, we affirm Johnson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5